Adam W. Watters, Esq.
*WATTERS & WATTERS, P.L.L.C.*
5115 N. Oracle Road
Tucson, Arizona 85704
Telephone: (520) 323-5910 ext. 2
Facsimile: (520) 323-5910
State Bar No.: 018184
P.C.C. No.:65181

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JODI SCOTT, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>LEIDOS INC., a foreign corporation licensed to conduct business in the State of Arizona; LEIDOS HOLDINGS, INC., a foreign corporation; **KEN KNAS and JANE DOE KNAS, husband and wife**; JOHN DOES I-V and JANE DOES I-V, individually and as husbands and wives; DOE CORPORATIONS I-V; DOE PARTNERSHIPS I-V; DOE LEGAL ENTITIES I-V; and DOE ORGANIZATIONS I-V,<br><br>Defendants. | Case No.: CV-14-02020-TUC-JGZ (BPV)<br><br>**PROPOSED FIRST AMENDED COMPLAINT** |

COMES NOW, the Plaintiff, JODI SCOTT, by and through counsel undersigned, and for this Complaint against these Defendants alleges as follows:

I.

The Plaintiff is a resident of Pima County, Arizona; the Defendant, LEIDOS, INC., is a foreign corporation incorporated in the State of Delaware, but who regularly conducts business in the State of Arizona. LEIDOS, INC., which is a government defense contractor. The Plaintiff was employed by Defendant LEIDOS INC., in Pima County, Arizona. LEIDOS, INC., at all times relevant, has had a principle place of business in the state of Arizona and has been authorized to and conducting business in the state of Arizona; each and every Defendant acted on behalf of, at the behest of or at the direction of each and every other Defendant and said Defendants are liable for the acts of the others under principles of vicarious liability, respondeat superior, agency, ostensible agency and/or contract; these are the appropriate Defendants and this Court has jurisdiction over the same. The acts complained of occurred primarily in Pima County, Arizona.

II.

The Defendants **Ken Knas and** JOHN DOES I-V and JANE DOES I-V were at all times relevant herein acting in their individual and marital capacities and are as yet undetermined, but the Plaintiffs will move this Court to amend the Complaint as soon as their identities are determined; the Defendants DOE CORPORATIONS I-V; DOE PARTNERSHIPS I-V; DOE LEGAL ENTITIES I-V; and DOE ORGANIZATIONS I-V are as yet undetermined, but the Plaintiffs will move this Court to amend the Complaint as soon as their identities are determined; the individual Defendants named herein were all employees, agents or representatives of the other Defendants and acted for all pertinent purposes within

the course and scope of their employment or agency and within the course of the marital capacities.

### III.

The Defendant LEIDOS INC., was originally part of a company known as SAIC. In 2013, SAIC split into two entities, one that retained the name of SAIC and another that became Defendant LEIDOS. INC. Prior to the split, Plaintiff worked as a financial officer for SAIC. Her job performance was rated as excellent. She had no write-ups and was known as an exemplary employee. Plaintiff Jodi Scott began work for the new SAIC. She worked for that company, the new SAIC, for several months, before receiving notice that an investigation was underway at LEIDOS, INC., regarding her employment with the former company. At that time, the Plaintiff sent a notice to her former employer, LEIDOS INC., that it must cease and desist from defaming her and that any further contact with her new employers at SAIC that resulted in any type of negative action would result in litigation. To its detriment, LEIDOS INC persisted in persecuting the Plaintiff through defaming her to her new employer and by providing that new employer with false, detrimental and defamatory information. **Defendant Ken Knas, during a meeting of Leidos employees, informed them that Plaintiff had embezzled funds from the company and that Ms. Scott was not trustworthy**. After her new employer admitted receiving this information, it started its own investigation, which resulted in the forced resignation of the Plaintiff.

### IV.

The claims of the Plaintiff against the Defendants arise from the same series of transactions and occurrences, and involve common questions of law and fact.

V.

The Plaintiff demands a jury trial of all issues triable to a jury.

VI.

The Plaintiff's claims arise form the fact that LEIDOS, INC., conducted an "investigation" into the Plaintiff's alleged involvement with a company called Advocare. Plaintiff's husband, Lance Scott, is an Advocare representative. Numerous former SAIC employees were part of the Advocare system, working as distributors. That company sells health-related products. As part of former SAIC policy, various food and health-related products were placed on a cart available for employees, for free, to chose from while at work. This was a free benefit for former SAIC employees. The items placed on the cart included items purchased at various locations in Pima County, including from Advocare, Costco and other stores or retailers. At no time did Plaintiff have any control over the Advocare products that were provided free to the former SAIC employees. At no time did Plaintiff write checks, disburse funds or direct that any funds be paid to Advocare. However, after Plaintiff left its employment, LEIDOS INC., at the direction of Ken Knas, began an investigation into Jodi Scott's alleged Advocare responsibilities. For whatever reason, LEIDOS INC determined that it would share this internal investigation with SAIC. It is believed that LEIDOS INC informed Jodi Scotts new employers at SAIC that she was unethical and that she had misdirected or absconded with, either directly or indirectly, company funds.

VII.

Plaintiff asserts that LEIDOS and/or its agents represented that it was conducting an investigation into what it alleged were criminal, negligent, intentional, fraudulent, unethical acts by Plaintiff Jodi Scott. LEIDOS and/or its agents, **including Ken Knas who may have also been motivated by personal**

**spite and ill will against Plaintiff,** were motivated by spite, ill-will and a desire to undermine its new competitor by making such assertions as regards a valuable, esteemed employee. The new SAIC was interested in continuing Scott's employment, and in fact had gone to a great effort to bring her into the fold of the new SAIC. LEIDOS only began an "investigation" into Scott's relationship with Advocare after she left that entity's employ. LEIDOS had no interest in Scott's future activities with her new employer, and had no interest in publicly calling her, a financial officer responsible for a $7 million budget, an embezzler. The LEIDOS "investigation" started in late 2013, again, after the two entities split. In late 2013, LEIDOS informed new SAIC that it was conducting said "investigation." In early 2014 SAIC informed Scott that based on the information provided to it by LEIDOS, it was conducting its own investigation. Shortly thereafter, Scott resigned from new SAIC.

## VIII. – Count One **Tortious Interference with a Contract**

Arizona law, A.R.S. §23-1501, defines the employment relationship as contractual in nature. Plaintiff asserts that without the interference of LEIDOS and its agents, including Ken Knas, her new employer SAIC would not have conducted an investigation into her relationship with Advocare. Plaintiff asserts that the false, defamatory information passed on by LEIDOS, again, well after she had left that entity's employ, was instrumental in SAIC's decision to investigate Scott. That SAIC investigation specifically targeted her Advocare affiliation, and found just a single email in which she referred to her husband's Advocare business. Regardless, Scott was forced to resign or be discharged by her new employer.

Scott asserts that if not for the interference with her relationship with SAIC, she would have remained employed with that entity.

### IX. – Count Two **Defamation *per se***

As stated, Plaintiff is a financial officer. She is responsible for the budgeting of millions of dollars. Defendant LEIDOS, by and through its agents, is responsible for defaming the Plaintiff. Agents of LEIDOS stated that the Plaintiff had embezzled funds from her former employer. That information was broadcast to fellow employees and was meant to be believed by those employees as being a statement of fact. In fact, Scott never embezzled any funds. Because the Defendants' agents were attacking Scott in her professional capacity, a statement that she is a thief or embezzler is defamatory per se. Scott's reputation in the community has been unquestionable damages. Also, it is believed that the evidence will show that the new SAIC relied on such statements in determining that Scott should be fired. **Defendant Ken Knas called Plaintiff an embezzler in a staff meeting. Given that Plaintiff was in a position of authority and responsibility, and was responsible for a budget of over $1 million, this was defamatory**.

### X.

Plaintiff incorporates each and every allegation set forth above as if fully set forth herein. Plaintiff Scott has suffered serious financial damages. Plaintiff Scott has suffered damage to her reputation. Plaintiff Scott has suffered emotional damages such that physical injury resulted and she sought the care of a medical provider, all due to the false, interfering statements made by her former employer and/or its agents.

XI. – Prayer for Relief

Therefore, Plaintiff seeks front pay, back pay, retirement benefits, lost benefits, emotional distress damages, and, due to the evil mind with which Defendants agents acted for and on behalf of LEIDOS, **or for and on behalf of themselves,** punitive damages. Plaintiff will ask this Court to award her those damages, plus any other relief the court deems proper given the evidence.

DATED July 14, 2014.

*WATTERS & WATTERS, P.L.L.C.*

//sAdam Watters
Adam W. Watters
Attorney for Plaintiff

-7-
Scott v. LEIDOS